

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. E. Sutton
County Auditor
Anderson County
Palestine, Texas

Dear Sir:

Opinion No. O-3096
Re: Construction of House Bill
No. 76, Acts of the 47th
Legislature, 1941, in ref-
erence to payment of delin-
quent taxes by some one
other than the owner.

We are in receipt of your letter of July 2, 1941,
in which you request the opinion of this department on
the three questions set out therein as follows:

"1. Ben Doe, an heir of the John Doe Estate,
owes no other delinquent taxes, and wishes to pay
all the taxes due against his undivided interest
in the Estate. What penalty and interest, if any,
should he pay?

"2. John Doe owns ten tracts of land and
owes delinquent taxes for five years on all ten
tracts. He sells one tract to John Smith. John
Smith does not owe any delinquent taxes and wishes
to pay up the taxes on the tract which he buys
from John Doe. Should he be allowed to pay this
without penalty or interest?

"3. John Doe owns ten tracts of land and
owes delinquent taxes for five years on all ten
tracts. The City National Bank holds a lien on

Honorable A. E. Sutton, Page 2

one of these tracts and wishes to pay up all delinquent taxes on this particular one. Should they be allowed to pay this without penalty and interest?"

House Bill No. 76, provides in part as follows:

"Section 1. That all interest and penalties that have accrued on all ad valorem and poll taxes that were delinquent on or before July 1, 1940, due the State, any county, common school district, road district, levee improvement district, water improvement district, and water control and improvement district, irrigation district, and other defined subdivisions of the State (and, subject to the provisions hereinbefore and hereinafter contained, such interest and penalties on delinquent ad valorem and poll taxes due cities, towns, and villages, and special school districts, and independent school districts,) shall be and the same are hereby released, provided said ad valorem and poll taxes are paid on or before November 1, 1941. . . ."

". . .

"Sec. 3. Anyone desiring to pay at one time all the delinquent taxes for only one year wherein such taxes are delinquent for more than one year shall have the right to pay the same but without remission of penalties and interest; provided, however, that any persons availing themselves of the benefits of this Act shall be required to pay all delinquent ad valorem taxes due the State and county on any specific piece of property on which such taxes are delinquent before the penalties and interest may be released as herein provided; conditioned that a six per cent (6%) penalty on the total amount delinquent be paid on such property."

In Opinion No. O-3657 this department construed the above quoted provisions of House Bill No. 76 and held as follows:

"Our opinion is that under the Act no penalty on delinquent taxes will be chargeable by the State and County, or by other political subdivisions adopting the Act, where a person pays all the

Honorable A. E. Sutton, Page 3

> delinquent ad valorem and poll taxes owing by
> him. If he pays all the delinquent taxes due
> on a part of his property only, thus leaving a
> part of his delinquent taxes unpaid he must pay
> a 6% penalty on that paid."

Because of the subject-matter involved in the
questions you asked we will answer your first question
last. In your second question John Doe owns ten tracts
of land and owes delinquent taxes for several years on
all tracts. He sells one tract to John Smith. John
Smith then comes in within the life of House Bill No. 76
and attempts to pay the delinquent taxes on the tract
which he had purchased from John Doe. This is the
only tract of land John Smith owns that has any delin-
quent taxes assessed against it. It is the opinion of
this department that in such case John Smith would be
in the position of a taxpayer coming in to pay his
delinquent taxes under Section 1 of House Bill No. 76.
We believe further that he would not be in a position
of a taxpayer who owes delinquent taxes on several
tracts of land desiring to pay the taxes on one of them,
which would require the payment of a six per cent pen-
alty under Section 3. It is our opinion, therefore,
that under the facts stated in your question No. 2
John Smith is entitled to pay the delinquent taxes
against the tract of land without any interest or pen-
alty being assessed thereto.

In question No. 3 John Doe owns ten tracts
of land and owes delinquent taxes on all of them. A
bank holding a lien on one of the tracts desires to
pay the tax on same. You inquire as to the amount of
penalty, if any, that should be charged if the delin-
quent taxes are paid on this tract by the bank within
the life of House Bill No. 76. In Opinion No. O-2968
this department passed on this question where a lien-
holder desired to pay all the delinquent taxes on one
tract of property which is owned by a taxpayer who
owes delinquent taxes on numerous tracts. We held that
the lienholder should be allowed to pay the taxes but that
he would also be required to pay the six per cent penalty
provided in Section 3 of House Bill No. 76. A copy of
Opinion No. O-2968 is enclosed for your information.

In your first question Ben Doe, an heir of the
John Doe Estate, owes no other delinquent taxes and wishes

Honorable A. R. Sutton, Page 4

to pay all the taxes due against his undivided interest in the state. In Opinion No. O-928 this department ruled on a fact situation where an heir attempted to pay on her one-sixth undivided interest in three lots which had been rendered in solido for taxation. This department ruled that said heir would not be permitted to pay taxes on her one-sixth undivided interest without paying all taxes, penalties, interest, etc., delinquent on the entire tract. A copy of this opinion is also enclosed for your information.

Where, however, Ben Doe's undivided interest has been seperately assessed in his name then Ben Doe could pay this assessment even though it was an undivided interest. Also, if the taxes on this assessment were the only delinquent taxes owed by Ben Doe, he would be authorized to pay same without paying the six per cent penalty.

We trust that the foregoing fully answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Billy Goldberg*
Billy Goldberg
Assistant

BG:LM
ENCLOSURES

APPROVED AUG 11, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN